UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CYNTHIA JONES,

                Plaintiff,

                                          DECISION AND ORDER

                                          Case No. 12-CV-6644-FPG

v.

PATRICK R. DONAHOE, Postmaster General,
DENISE GASKILL,
DAVID BIANCHI and
ANTHONY FROSINO,

                Defendants.

---

*Pro se* Plaintiff Cynthia Jones, on November 27, 2012, filed a Summons and Complaint alleging discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, color, gender, religion, national origin). ECF No. 1. Plaintiff is an employee of the United States Postal Service at the Rochester Logistic and Distribution Center on Lyell Avenue in Rochester, New York. *Id.*

Thereafter, on November 7, 2013, Defendant Patrick R. Donahoe, Postmaster General of the United States Postal Service, by and through his attorneys, William J. Hochul, Jr., United States Attorney for Western District of New York, Kathryn L. Smith, Assistant United States Attorney, of counsel ("AUSA Smith"), filed a Notice of Motion and Motion to Dismiss ("Motion to Dismiss") (ECF No. 6), with accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def.'s Mem.") (ECF No. 6-2), Affidavit in Support of Defendant's Motion

to Dismiss ("AUSA Smith Aff.") (ECF No. 6-1) and Exhibits A-H (ECF No. 6-3), seeking dismissal of the Complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based on Plaintiff's failure to prosecute, alleging the following facts: the United States Attorney was not served in this matter in accordance with Rule 4(i)(2)[1] of the Federal Rules of Civil Procedure; a copy of the Complaint was provided to AUSA Smith by representatives of the Postal Service on January 29, 2013; by letter dated February 12, 2013, AUSA Smith served Plaintiff with Notice of Deficient Service of Process and informed her that the Complaint was not properly served under the Fed. R. Civ. P. 4(i), a copy of which was attached; Plaintiff did not respond, and service of process was not perfected; AUSA Smith wrote again to Plaintiff on May 9, 2013, stating that the three individual Postal Service managers named in her Complaint were not proper defendants in an employment litigation case involving the federal government and further reminded Plaintiff her Complaint had still not been properly served under the Federal Rules of Civil Procedure and proposed a resolution in which Plaintiff would dismiss the

---

[1]  Rule 4(i)(2) of the Federal Rules of Civil Procedure states:

To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Rule 4(i)(1) of the Federal Rules of Civil Procedure states:

To serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States Attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States Attorney's Office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Smith states that Postmaster Donahoe was served on or about February 12, 2013 (Docket No. 5), however, there is no evidence that the U.S. Attorney or the Attorney General were served as required under Rule 4(i)(1).

individual Defendants from her action and, in return, the Government would waive service on the Attorney General and U.S. Attorney; on May 15, 2013, AUSA Smith met with Plaintiff at the Office of the U.S. Attorney at which time Plaintiff stated she was seeking to obtain legal representation in her case; on May 16, 2013, the day after the May 15th meeting, AUSA Smith sent Plaintiff a draft of a proposed joint letter to Judge Larimer requesting a 60-day stay in her case to allow Plaintiff time to retain an attorney and also asked Plaintiff to sign the request and return it to Defendant for filing with the Court; receiving no response, again, AUSA Smith wrote to Plaintiff on June 3, 2013, and requested a response to the May 15, 2013 correspondence; on June 12, 2013, Plaintiff contacted AUSA Smith by phone, stating that she wanted to dismiss her case; the same day, as a follow-up to this telephone conversation, AUSA Smith wrote to Plaintiff, enclosing a Rule 41(a) Voluntary Dismissal, asking Plaintiff to sign and return the document to Defendant for filing; having received no response, AUSA Smith, on July 25, 2013, wrote a second letter to Plaintiff and enclosed an additional copy of the Rule 41(a) Voluntary Dismissal, explaining that the Court would expect the case to proceed to discovery shortly, absent some action by the Plaintiff; again, having received no response, AUSA Smith wrote Plaintiff a third letter on August 29, 2013, enclosing another Rule 41(a) Voluntary Dismissal, requesting Plaintiff return it by September 13, 2013 and informing her that AUSA Smith would move to dismiss her action if Plaintiff did not respond; and as of the motion filing date, Plaintiff has not responded to any of the Government's letters, and AUSA Smith has had no contact from Plaintiff since the telephone call on June 12, 2013 stating her desire to dismiss this case. Defendant has filed proof of service of the Motion to Dismiss and Memorandum of Law upon Plaintiff at her listed address, 2065 Hudson Avenue, Apt. E, Rochester, New York 14617. ECF No. 6-4.

On November 12, 2013, following the filing of Defendant's Motion to Dismiss, the Court entered the following Motion Scheduling Order & Notice to Pro Se Plaintiff ("Scheduling Order & Notice") which was sent by United States Postal Service to Plaintiff at her listed address, 2065 Hudson Avenue, Apt. E, Rochester, New York 14617:

> On November 7, 2013, defendants filed a motion to dismiss the Complaint. Plaintiff is hereby advised that the defendants have asked the Court to decide this case without a trial and dismiss the Complaint based on written materials and for the reasons stated in the motion. THE CLAIMS PLAINTIFF ASSERTS IN HER COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF SHE DOES NOT RESPOND TO THIS MOTION by addressing the arguments contained in the defendants' motion.
>
> If plaintiff has any questions, she may direct them to the *Pro Se* office.
>
> Plaintiff must submit any materials in opposition to defendants' motion no later than December 12, 2013. Reply papers by the moving party must be filed no later than eight (8) business days following the filing of responding papers. **If plaintiff fails to respond, the Court will decide the motion based on the Complaint and the motion to dismiss.**
>
> The Court will not hold oral argument but will decide the motion based on the papers submitted.

ECF No. 7. To date, the United States mail containing the Scheduling Order & Notice has not been returned by the United States Postal Service, and Plaintiff has failed to file any submissions in opposition to Defendant's Motion by the aforementioned deadline, or contact the Court to request an extension of the time within which to file any such submissions. Subsequently, on December 20, 2013, citing the absence of any response to the Court's Scheduling Order, Defendant notified Plaintiff and the Court in writing of their intention not to file a Reply brief in this matter. ECF No. 8.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a complaint if the plaintiff fails to prosecute or to comply with a court order. It provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). A district court's discretion to dismiss a case under Rule 41(b) for failure to prosecute is not limitless, and it must consider the following five factors before arriving at the decision to dismiss the action, namely, whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration;
> (2) plaintiff was given notice that further delay would result in dismissal;
> (3) defendant was likely to be prejudiced by further delay;
> (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and
> (5) the trial court adequately assessed the efficacy of lesser sanctions.

*Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). When assessing these five factors, the record is to be considered as a whole, and no factor is singularly dispositive. *Id.*

Defendant has asked the Court to give consideration to the following, which he argues favor dismissal of the action against him: Plaintiff's complaint was filed nearly a year ago; no discovery has taken place during that time; Defendant's counsel warned Plaintiff that if she did not act, the Court would expect the parties to begin conducting discovery; Defendant further warned Plaintiff that Defendant would seek dismissal of her case if Plaintiff did not act; Plaintiff has not communicated with Defendant in almost five months; Plaintiff's final communication with Defendant's representative indicated that she wanted to dismiss her case; Plaintiff has ignored all communications by the Government; Plaintiff has failed to properly serve Defendant Donahoe within the 120 days permitted under Rule 4(m) of the Federal Rules of Civil Procedure. Defendant also asserts that further wasting of the Government's litigation recourses would likely result due to Plaintiff's repeated failure to act.

5

Recognizing that Rule 41(b) dismissal is a "harsh remedy that is appropriate only in extreme situations," *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), and that "district courts should be especially hesitant to dismiss for procedural deficiencies where ... the failure is by a pro se litigant," *Id.*, in the instant circumstances, the above-cited omissions and the delay caused thereby, taken together with the additional failure of Plaintiff to respond to the Court's Scheduling Order which clearly advised Plaintiff that the claims asserted in the Complaint would be dismissed without a trial if she failed to respond to this motion by addressing the arguments contained therein, all reasonably point to the conclusion that Plaintiff has abandoned this action. The Court, furthermore, having considered the efficacy of lesser sanctions or alternatives to dismissal, determines that, under the circumstances presented and Plaintiff's inaction when offered the opportunity to do otherwise, dismissal of the action should be ordered.

## CONCLUSION

For the foregoing reasons, the Court determines that Defendant's Motion to Dismiss, with prejudice, the Complaint for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) is hereby granted. The Clerk of the Court is directed to dismiss the action commenced by the filing of the Complaint in Case No. 12-CV-6644 and close the case, in accordance with this determination.

IT IS SO ORDERED.

Dated: February 10, 2014
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge